[No. 28697. Department One. December 8, 1942.]

GUNNAR LEGGERINI, *Appellant,* v. THE DEPARTMENT OF UNEMPLOYMENT COMPENSATION *et al.,* *Respondents.*[1]

*Frederic C. Metzger,* for appellant.

*The Attorney General* and *George W. Wilkins, Assistant (John F. Lindberg,* of counsel), for respondents.

MILLARD, J. — During nineteen weeks of the year 1939, Gunnar Leggerini, a painting and decorating con-

[1]Reported in 131 P. (2d) 729.

tractor who maintains his place of business within the city of Tacoma, had eight or more persons, including one Earl J. Ferguson, in direct employment. Between June 8, 1939, and November 9, 1939, MacDonald Building Company, of Tacoma, had certain of its employees performing carpentry work on home remodeling jobs on which Leggerini was the painting contractor. Ferguson filed a claim November 7, 1940, for benefits under the unemployment compensation act.

It was essential to determination of the eligibility of Ferguson for benefits that the department of unemployment compensation and placement ascertain whether Leggerini was a general contractor, whether MacDonald Building Company was, during the period in question, a subcontractor under contract with Leggerini, and whether, including the persons employed by MacDonald Building Company, Leggerini employed eight or more persons during *twenty weeks* within the year 1939.

December 2, 1940, the department determined that Ferguson was eligible for benefits and so notified Leggerini, who, on the ground that he had not during 1939 employed more than eight individuals in excess of nineteen weeks, timely appealed to the appeal tribunal of the department. At the hearing by that appeal tribunal February 8, 1941, Mr. Leggerini did not appear, due to a misunderstanding.

February 18, 1941, the appeal tribunal made findings, which are summarized as follows: MacDonald Building Company was, from June 8, 1939, throughout that year, a subcontractor, under contract with Leggerini, an employing unit, to perform certain construction work on jobs which Leggerini had previously taken; that Leggerini, during the pertinent portions of the year 1939, was operating in the capacity of a general contractor; and that, by reason of the foregoing, Leg-

gerini was a liable employer and the claimant was eligible for benefits under the unemployment compensation and placement acts (chapter 162, p. 609, Laws of 1937, and chapter 214, p. 853, Laws of 1939) which define an employer as any employing unit which, in each of twenty different weeks within either the current or the preceding calendar year, has or had in employment eight or more individuals and which provide that

"Whenever any employing unit contracts with or has under it any contractor or sub-contractor for any work which is part of its usual trade, occupation, profession or business unless the employing unit as well as each such contractor or sub-contractor is an employer by reason of section 19 (f) or section 8 (c) of this act, the employing unit shall for all the purposes of this act be deemed to employ each individual in the employ of each such contractor or sub-contractor for each day during which such individual is engaged in performing such work; . . ." chapter 214, Laws of 1939, § 16 (e), Rem. Rev. Stat. (Sup.), § 9998-119a (e) [P. C. § 6233-317].

March 5, 1941, the department, on petition of Leggerini, who had not been present at the first hearing, remanded the proceeding to the departmental appeal tribunal for a second hearing, which was had March 20, 1941.

June 12, 1941, the commissioner of unemployment compensation and placement entered his order which recites that, after review of the proceedings, the commissioner orders that the appeal tribunal's decision, dated February 18, 1941, be affirmed. This appeal is prosecuted by Mr. Leggerini from judgment of the superior court for Pierce county which affirmed decision of the commissioner.

Counsel for appellant contends that the evidence is insufficient to sustain the commissioner's finding that MacDonald Building Company was a subcontractor of appellant.

Appellant is not an employer subject to unemployment compensation and placement act, unless he had a subcontractor whose employees could be added to those in the direct employ of appellant under the statutory definition (chapter 214, p. 853, Laws of 1939, § 16 (e), Rem. Rev. Stat. (Sup.), § 9998-119a (e)) of an "employing unit" sufficient to make appellant an employer of eight or more individuals during the year 1939.

Counsel for respondents direct our attention to § 6 (f), chapter 162, p. 584, Laws of 1937, reading as follows, which authorizes the commissioner of the department to promulgate regulations for determination of eligibility of claimants for benefits:

"The manner in which disputed claims shall be presented, the reports thereon required from the claimant and from employers and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the director for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure. . . ."

The commissioner published a regulation which prescribes that the appeal tribunal shall receive any evidence logically tending to prove or disprove a given fact in issue, including hearsay evidence, and irrespective of common-law rules of evidence, but no decision or findings of fact shall be based exclusively upon hearsay evidence.

Counsel for respondents argue that the evidence adduced at both hearings (February 8, 1941, and March 20, 1941) support the commissioner's finding that MacDonald Building Company was a subcontractor of appellant. Respondents' counsel invoke the rule enunciated in *In re St. Paul & Tacoma Lbr. Co.*, 7 Wn. (2d) 580, 110 P. (2d) 877, to the effect that the administrative determination by the department of the facts is

conclusive on the court unless that determination is (1) wholly without evidential support, or (2) wholly dependent upon a question of law, or (3) purely arbi-trary or capricious.

The findings of the commissioner are based solely on hearsay evidence, the testimony at the first hearing of February 8, 1941, of one of the field employees of the department. That employee or representative of the department testified that, during the course of his in-vestigation of Ferguson's claim for benefits in response to his inquiry, appellant admitted that MacDonald Building Company was his subcontractor, which ad-mission, the department's investigator testified, was verified by a representative of MacDonald Building Company in a conversation with the investigator.

Regulations prescribed by the director of the department of unemployment compensation and place-ment pursuant to authority granted by the legislature to receive hearsay evidence in the determination of the question of eligibility of a claimant for benefits under the unemployment compensation and placement act, may not be successfully invoked in a court of law for the purpose of rendering hearsay evidence admissible on review of the decision of the department. This is not a case of admission without objection of hearsay evidence —appellant was not present at the hearing— therefore, the rule that one can not question on appeal competency and probative value of hearsay evidence admitted without objection, is not applicable. The find-ings and decision of the department of unemployment compensation and placement as to eligibility of claimant for benefits, must be based on competent evi-dence.

At the second hearing (March 20, 1941), appel-lant and his representative testified. That evidence clearly explains the relationship between appellant and

MacDonald Building Company and establishes the fact that MacDonald Building Company was not at any time a subcontractor of appellant. The testimony of appellant and his representative is sustained by letters, which were accepted by the department as exhibits in the second hearing, which letters are statements (from the persons who employed, or contracted with, appellant for work on their property) regarding the instances the employees of MacDonald Building Company worked on home remodeling jobs on which appellant was the painting contractor. In each instance, the building company had a separate contract for the carpentry work with the principal involved. Appellant did not in any of the cases contract to perform the carpentry work. When those employing appellant requested the latter to obtain carpenters for them, he asked MacDonald Building Company to find carpenters for the reason that he did all the painting for MacDonald Building Company and "if I could throw any kind of work his way I would do it."

Appellant was not the principal contractor who for consideration let the right to MacDonald Building Company to do a part of the work which appellant, as the principal contractor, had contracted to do. It is patent that MacDonald Building Company was not a subcontractor of appellant.

The commissioner's findings and decision are wholly without evidential support; therefore, the judgment is reversed and the cause is remanded, with direction to the trial court to reverse the decision of the commissioner of unemployment compensation and placement.

ROBINSON, C. J., STEINERT, SIMPSON, and JEFFERS, JJ., concur.